# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD BENOIT, )<br>)<br>Petitioner/Defendant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent/Plaintiff. ) | Case No. CIV-17-49-JHP<br>CR-04-24-JHP |

## OPINION AND ORDER

This matter comes before the Court on a letter received by the Court Clerk which this Court construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner Richard Benoit states he has "filed a motion for immediate relief, also requesting relief through the Johnson ruling." Petitioner continues by indicating he wants the court to "rectify the unconstitutional actions of the court and the ineffective assistance of counsel, who did not understand the complexity of the 4042(B) enhancement when there was no drug trafficking felony charge on record." Finally, Petitioner indicates he is seeking "immediate release." Dkt. # 1.

On February 12, 2004, a grand jury returned a three count indictment charging Petitioner with the following offenses:

Count One: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1);

Count Two: Unlawful user of or addicted to any controlled substance, in violation of 18 U.S.C. § 922(g)(3); and

Count Three: Possession of methamphetamine (Misdemeanor).

On March 10, 2004, Petitioner entered a plea of guilty as to each count of the indictment. On July 16, 2004, Petitioner was sentenced to 71 months on each of Counts One and Two and to 12 months on Count Three, all three counts to be served concurrently. Additionally, Petitioner was placed on supervised release for 24 months on Counts One and Two and for 12 months on Count Three, all three terms of supervised release to be served concurrently. Finally, Petitioner was ordered to pay a special assessment of $100.00 on Counts One and Two and $25.00 on Count Three. The judgment was filed on July 27, 2004. Defendant/Petitioner did not perfect an appeal from this conviction and he has not previously filed a Motion to Vacate his sentence.

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. § 2255 to give federal prisoners one year from "the date on which the judgment of conviction becomes final" to file a motion to vacate, set aside or correct their sentence. In this case, Benoit's judgment became final ten days after the time for appeal had run, excluding intermediate Saturdays, Sundays, or legal holidays. *See*, *United States v. Guerrero*, 488 F.3d 1313, 1316 & n. 2 (10th Cir. 2007) (construing the 2006 version of Fed.R.App.P. 4(b)(1)(A)(I)).[1]

---

[1] In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. This Supreme Court ruling extended the time to file claims under *Johnson* to one year following the ruling, or until June 27, 2016. Petitioner was not, however, sentenced under the ACCA and, therefore, *Johnson* does not apply to this case.

The Court finds the one-year limitation period began to run ten days after July 27, 2004, excluding weekends and holidays. Accordingly, the Defendant had until August 10, 2004, to file his request to vacate his sentence pursuant to 28 U.S.C. § 2255.

The Motion seeking to challenge the Defendant's sentence was not filed herein until February 3, 2017, almost thirteen years after the statute of limitations had expired. As a result, this Court finds the statute of limitations contained in 28 U.S.C. § 2255 bars Defendant from obtaining relief herein. It is, therefore, the Order of this Court that Defendant's Motion shall be denied as untimely.

Accordingly, this Court hereby finds Petitioner's Motion to Vacate is barred by the statute of limitations. Therefore, the Petitioner's Motion is hereby dismissed. Additionally, pursuant to 28 U.S.C. § 2253(b)(2), this Court denies a certificate of appealability.

It is so ordered on this 7th day of February, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma